

600 Third Avenue, 22nd Floor | New York, NY 10016-1915 | **bsk.com**

**SAMUEL G. DOBRE, ESQ.**
sdobre@bsk.com
P: 646.253.2320
F: 646.253.2377

March 1, 2023

**VIA ELECTRONIC FILING**

Hon. John P. Cronan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    ***Joint Application to File Settlement Agreement Under Seal***
               ***Omeragic v. Pinnacle Group N.Y. LLC, et al.***
               *Civil Action No.: 1:22-cv-8259 -JPC*

Dear Judge Cronan:

Our office represents Defendants Pinnacle Group N.Y. LLC, 241 Sherman LLC, GMP Holdings LLC, Joel Weiner, and Harry Hirsch ("Defendants"). Together with Plaintiff Hasan Omeragic's ("Plaintiff") Counsel, Attorney Hartley T. Bernstein, of Bernstein Cherney LLP, we submit this joint application to file the parties' settlement agreement and motion for settlement under seal.

As the Court is aware, this action involved claims under the Fair Labor Standards Act, and as a result, Court approval of the settlement is required. During the Court-ordered mediation program with Mediator Stephen Sonnenberg, the parties have reached an arm's length, mutually acceptable settlement, and in the course of settlement negotiations, both parties voiced the desire to maintain confidentiality of the settlement terms and underlying settlement agreement. To that end, the parties have consulted and jointly request permission to file their proposed settlement agreement and motion for settlement under seal for review and approval by the Court. Redacted copies of the parties proposed settlement agreement and motion for settlement are attached as Exhibit A, and a true copy has been e-mailed to the Court's Chambers, pursuant to Local Rule 5.3(a) and Your Honor's Individual Rule 4(B)ii.

Per Local Rule 5.3 and the Second Circuit's decision in *Lugosch v. Pyramid Co. of Onondaga*, before granting permission to a party to file a document under seal, the Court must balance the presumption of public access against the competing considerations in favor of confidentiality. *See Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119-120 (2d Cir. 2006). While the public and the press generally have an interest in attending judicial proceedings and accessing judicial

documents, that interest can be outweighed by privacy interests of the parties to a litigation. *Id*. at 124.

Here, there are a number of considerations weighing in favor of confidentiality. These include the fact that the settlement itself was obtained through the Court's mediation program with a court-appointed mediator, the parties discussed the condition of confidentiality and that the parties have both expressed their desire for a confidential settlement. See *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004) (noting that "honoring the parties' express wish for confidentiality may facilitate settlement, which courts are bound to encourage"); *see also U.S. v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 857 (2d Cir. 1998) (approving the sealing of settlement documents and drafts because of, inter alia, the court's responsibility to encourage and facilitate settlements). Defendants' desire for confidentiality is largely motivated by its interest in discouraging potential litigants from filing frivolous claims against them in the interest of receiving a settlement. Plaintiff's desire for confidentiality is motivated by his interest in maintaining the confidentiality of his own personal finances, which would be divulged, at least in part, if the parties were required to file their settlement agreement and motion for settlement publicly.

As noted above, Counsel for the parties consulted during settlement discussions, and during those discussions, both parties expressed their desire for confidentiality, and as a result, submit this joint request to file the settlement agreement and motion for settlement under seal. *See* Exhibit A.

Moreover, there is no indication that this case is particularly newsworthy, or of great interest to the public. A settlement agreement is also not a document that would typically be available to the general public, nor would the public typically be privy to the content of settlement discussions. See *Glens Falls Newspapers*, 160 F.3d 853 at 858 (noting that the public's interest in settlement materials is "negligible").

Given the parties strong and joint preference for confidentiality, and the inherent interests of both that would be benefitted by confidentiality—including Plaintiff's interest in maintaining confidentiality surrounding his personal finances—the parties respectfully submit this joint application for permission to submit their proposed settlement agreement under seal, for the Court's review and approval.

Thank you for your consideration.

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

Samuel G. Dobre, Esq.

Enclosures

While the Court recognizes that the parties have a genuine interest in preserving the confidentiality of some information contained within the settlement agreement, particularly information concerning the amount of the settlement, the parties have not presented convincing arguments for why the entire agreement must be filed under seal. If the parties consent to filing a redacted version of the agreement on the public docket, they shall submit proposed redactions to the Court, with an accompanying justification. Alternatively, the parties may renew their request to file the entire agreement under seal if they can articulate compelling reasons for why a partial redaction cannot adequately address their legitimate interests in the confidentiality of the settlement.

SO ORDERED
Date: March 3, 2023
New York, New York

_____
JOHN P. CRONAN
United States District Judge

15528750.1 3/1/2023